IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| United States of America,<br><br>          Plaintiff<br><br>v.<br><br>Chad Jay Butler,<br><br>          Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:08CR237DAK |

This matter is before the court on Defendant Chad Jay Butler's motion to dismiss. The parties have fully briefed the motions. The court held a hearing on the motion to dismiss on June 30, 2008. At the hearing, Defendant was present and represented by Scott C. Williams and Heather Harris. The government was represented by William K. Kendall. Now being fully advised, the court enters the following Memorandum Decision and Order.

### Defendant's Motion to Dismiss

According to the Indictment, on August 9, 2007, Defendant, Chad Jay Butler, was found in possession of a firearm and charged under 18 U.S.C. §922(g)(1) for possessing a firearm after being convicted of a crime punishable by more than one year. Defendant's prior felony "conviction" stemmed from a February 16, 2007 plea of guilty to a third degree felony in State court. At the time of Defendant's August 2007 arrest in this case, Defendant had entered his guilty plea but had not been sentenced in the state court action. Additionally, Defendant later filed a motion to withdraw his plea in the state court action. That motion, however, was denied. Defendant now seeks to dismiss Count I, claiming that his February 16th guilty plea does not equate to a prior "conviction" under Utah state law.

In pertinent part 18 U.S.C. Section 922(g)(1) makes it a criminal offense: "for any person. . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate of foreign commerce, any firearm or ammunition; or to receive any firearm of ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C Section 921(a)(20) specifies that, "what constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceeding were held."

Utah law recognizes two common meanings of the word "conviction," "one denotes the establishment of guilt 'by verdict or plea' and one which refers to 'the final judgment entered on the verdict or plea." *State v. Hunt*, 906 P.2d 311, 313 (Utah, 1995). "The determination of which definition controls turns on 'the context and the purpose within which the term "conviction" is used.'" *Id. (*quoting *State v. Duncan ,* 812 P.2d 60, 62(Utah App., 1999*).*

In *Utah v. In*, the defendant was charged with possession of a dangerous weapon by a restricted person, in violation of Utah state law, after previously pleading guilty to a third degree felony. 18 P.3d 500, 501 (Utah App. 2000). As in the present case, the Utah Court of Appeals was called on to determine whether the defendant's guilty plea qualified as a conviction for purposes of this charge. *Id.* After discussing the two opposing uses for the term "conviction," the court determined that the purpose of Utah's law, "was to restrict access of weapons to those who could be dangerous to society," and that this "context and purpose. . . . indicate[s] that convict[ion] refers to a plea or verdict of guilt, and not to a judgment of conviction." *Id.* at 503.

Similarly, the United States District Court for the District of Utah, recently faced a similar issue in *Hansen v. United States*. 2006 U.S. Dist. Lexis 52518 (D. Utah 2006). In that case, the court determined that, "Utah law consistently prescribes that a plea of guilty equates to

a conviction, regardless of whether sentencing has occurred." *Id.* In *Hansen*, the defendant, who had previously plead guilty, but had not yet been sentenced, was found guilty of knowingly possessing a firearm after being *convicted* of a felony offense pursuant to 18 U.S.C. §922(g)(1), the same statute under which Mr. Butler is charged.

Although the defendant has advanced some seemingly persuasive arguments in favor of his position, the court has reviewed such arguments and finds them to be without merit. This court finds the reasoning applied in *In* and *Hansen* both relevant and persuasive and concludes there is no basis for dismissal of Count I. As the courts in *In* and *Hansen* have made clear, in the criminal possession of a firearm setting, Utah law has consistently interpreted the term "conviction" to equate to a guilty verdict or plea. Like the statute addressed by the *In* court, the purpose of 18 U.S.C. 922(g)(1), is to "keep[] guns from those likely to become a threat to society," *Small v. United* States, 544 U.S. 385, 386 (2005). For the purpose to be achieved, Utah law would dictate that conviction should refer to a plea of guilt, and not just a judgment of conviction.

## CONCLUSION

Based on the above reasoning, Defendant Motion to Dismiss is DENIED.

Dated the 7th Day of July, 2008.

                                          BY THE COURT:

                                          _____
                                          Dale A. Kimball
                                          United States District Judge